[Cite as *Gerzina v. Ohio Dept. of Transp., Dist. 4*, 2011-Ohio-1952.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW GERZINA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 4

    Defendant

    Case No. 2010-09809-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Andrew Gerzina, filed this action against defendant, Department of Transportation (ODOT), contending his 2005 Acura TL was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on US Route 224 in Summit County. Plaintiff related the wheel on his car was damaged when the vehicle "struck a large bump in the road surface." Plaintiff further related "[t]his irregularity in the road occurred 1/4 - 1/8 mile before SR 93" on US Route 224 East. Plaintiff submitted photographs depicting the particular damage-causing roadway defect as well as the approximate location of the defect shown by a mile marker sign, Interstate 277 East 0/6. Plaintiff recalled his described damage incident occurred on July 25, 2010 at approximately 2:30 a.m. In his complaint, plaintiff requested damages in the amount of $682.22, the cost of a replacement part and related repair expense. The filing fee was paid.

**{¶ 2}** Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Akron and not ODOT bears the maintenance responsibility for the section of roadway where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "the City of Akron, and not the defendant is

responsible for maintaining the roadway upon which plaintiff's incident occurred, that being eastbound SR 224/I-277 before SR 93, within the City of Akron." Defendant advised the maintenance responsibility for this section of roadway was delegated by contractual agreement between ODOT and the City of Akron. Defendant related: "[o]n November 6, 2009, the Ohio Department of Transportation entered into an Interstate Lane Mile and Maintenance Agreement with the City of Akron for maintenance services. I-277 is part of the Interstate Lane Mile and Maintenance Agreement and US 224 overlaps I-277 in the location of his incident (See Exhibit A and map)."

**{¶ 3}** The contract between ODOT and Akron at Section 1.2 states, in pertinent part:

**{¶ 4}** "In the interest of public safety and convenience, it is the desire of the parties hereto that the CITY shall perform contracted maintenance and repair of the interstate highway system using its own labor forces, equipment and materials, or by contracting for these items, with reimbursement from the STATE."

**{¶ 5}** Defendant asserted the contracted maintenance responsibility includes correcting a bump in the roadway such as plaintiff's vehicle struck on July 25, 2010. Defendant contended "the City of Akron assumed the responsibility to maintain and repair the interstate system within its corporate limits," and consequently, the City of Akron should be considered the proper party defendant in this action. The site of the damage-causing incident was shown to be located within the City of Akron and shown to be the maintenance responsibility of that political subdivision.

**{¶ 6}** R.C. 2743.01(A) provides:

**{¶ 7}** "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

**{¶ 8}** R.C. 2743.02(A)(1) states in pertinent part:

**{¶ 9}** "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits

between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section.  To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 10} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶ 11} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶ 12} The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case dismissed.  See *Sandu v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02606-AD, 2008-Ohio-6858.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW GERZINA

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 4

Defendant

Case No. 2010-09809-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in above, plaintiff's case is DISMISSED.  The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Andrew Gerzina
238 17th St. NW
Canton, Ohio  44703

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/5
Filed 1/28/111
Sent to S.C. reporter 4/15/11