[Cite as *Lark v. Ohio Dept. of Transp.*, 2011-Ohio-4784.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW T. LARK

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02174-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Matthew Lark, filed a complaint against defendant, Department of Transportation (ODOT), alleging that he suffered tire and rim damage to his 2010 Ford Fusion as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 61. Plaintiff stated that he "hit a very large pothole on State Route 61 just north of the Ohio Turnpike in Berlin Heights." Plaintiff recalled that the incident occurred on January 2, 2011 at approximately 7:00 p.m. Plaintiff seeks damages in the amount of $650.01, the cost of replacement parts and related repair costs. The filing fee was paid.

{¶2} Defendant filed an investigation report requesting that plaintiff's claim be dismissed due to the fact that the Village of Berlin Heights and not ODOT bears the maintenance responsibility for SR 61 where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated that, "[d]efendant has performed an investigation of this site and this area on SR 61 and I-90 or the Ohio Turnpike falls under the maintenance jurisdiction of the Village of Berlin Heights (See attached map)." Defendant further stated that, "ODOT has advised the Village of Berlin Heights since

July 8, 2009, that the Village is responsible for the maintenance of SR 61 as it passes underneath the Ohio Turnpike structure." Defendant asserted that, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended that the Village Of Berlin Heights is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the Village of Berlin Heights.

{¶3} Plaintiff did not file a response.

{¶4} R.C. 2743.01(A) provides:

{¶5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶6} R.C. 2743.02(A)(1) states in pertinent part:

{¶7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶8} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶9} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of

county commissioners upon each municipal corporation consenting thereto."

{¶10} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case must be dismissed. See *Sandu v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02606-AD, 2008-Ohio-6858, *Gerzina v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2010-09809-AD, 2011-Ohio-1952.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW T. LARK

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-02174-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

                                                 _____

                                                 DANIEL R. BORCHERT
                                                 Deputy Clerk

Entry cc:

Matthew T. Lark
2448 Hartland Center Road
Collins, Ohio 44826

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
5/12
Filed 6/14/11
Sent to S.C. reporter 9/21/11