[Cite as *Pisani v. Ohio Dept. of Transp.*, 2011-Ohio-5121.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KALEIGH PISANI

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-03464-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Kaleigh Pisani, filed this action against defendant, Department of Transportation (ODOT), contending her 2000 Mitsubishi Eclipse was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on the ramp from I-76 west to Interstate 77 south.  Plaintiff related her car suffered substantial damage when the vehicle hit a pothole.  Plaintiff's passenger, Mitch Paige, submitted the following narrative description, "[a]s we were driving around the ramp, I felt the passenger side tire 'fall' into a very large hole and then back up onto the road.  The impact was very severe, it rattled the whole car. * * * the pothole took up most of the ramp and was very deep.  It looked like a crater."

{¶2}    Plaintiff recalled her described damage incident occurred on February 12, 2011,  at approximately 6:40 p.m.  In her complaint, plaintiff requested damages in the amount of $2,325.09, for replacement parts and related repair expenses.  The filing fee was paid.

{¶3}    Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Akron and not ODOT bears the maintenance

responsibility for the section of roadway where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "the City of Akron, and not the defendant, is responsible for maintaining the roadway upon which plaintiff's incident occurred, on I-76 to I-77." Defendant advised the maintenance responsibility for this section of roadway was delegated by contractual agreement between ODOT and the City of Akron. Defendant related: "[o]n November 6, 2009, the Ohio Department of Transportation entered into an Interstate Lane Mile and Maintenance Agreement with the City of Akron for maintenance services. I-76 and I-77 are part of the Interstate Lane Mile and Maintenance Agreement (See Exhibit A )."

{¶4} The contract between ODOT and the city of Akron at Section 1.2 states, in pertinent part:

{¶5} "In the interest of public safety and convenience, it is the desire of the parties hereto that the CITY shall perform contracted maintenance and repair of the interstate highway system using its own labor forces, equipment and materials, or by contracting for these items, with reimbursement from the STATE."

{¶6} Defendant asserted the contracted maintenance responsibility includes repairing potholes in the roadway such as plaintiff's vehicle struck on February 12, 2011. Defendant contended "the City of Akron assumed the responsibility to maintain and repair the interstate system within its corporate limits," and consequently, the City of Akron should be considered the proper party defendant in this action. The site of the damage-causing incident was shown to be located within the City of Akron and shown to be the maintenance responsibility of that political subdivision.

{¶7} R.C. 2743.01(A) provides:

{¶8} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶9} R.C. 2743.02(A)(1) states in pertinent part:

{¶10} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims

created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶11} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶12} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶13} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed. See *Sandu v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02606-AD, 2008-Ohio-6858.



## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KALEIGH PISANI

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-03464-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

 

                                  _____
                                  DANIEL R. BORCHERT
                                  Deputy Clerk

Entry cc:

Kaleigh Pisani
1671 Franklin Avenue Apt. 122
Kent, Ohio  44240

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
6/8
Filed 6/27/11
Sent to S.C. reporter 10/4/11