[Cite as *Oehler v. Ohio Dept. of Transp.*, 2011-Ohio-5550.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RYAN OEHLER,

      Plaintiff,

      v.

OHIO DEPARTMENT OF TRANSPORTATION,

      Defendant.

Case No. 2011-04100-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

**{¶ 1}** Plaintiff, Ryan Oehler, filed a complaint against defendant, Department of Transportation (ODOT), alleging that he suffered tire and rim damage to his 2009 Ford Fusion as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 43. Plaintiff stated that he "struck a large pothole in the roadway. I was unable to avoid this hole because of oncoming traffic." Plaintiff recalled that the incident occurred on March 5, 2011 at approximately 9:30 p.m. Plaintiff seeks damages in the amount of $331.14, the cost of replacement parts and related repair costs. The filing fee was paid.

**{¶ 2}** Defendant filed an investigation report requesting that plaintiff's claim be dismissed due to the fact that the Village of Richmond and not ODOT bears the maintenance responsibility for SR 43 where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated that, "[d]efendant's investigation indicates that the location of Plaintiff's incident would be within the municipal boundary of the Village of

Richmond (See Exhibit A)." Defendant asserted that, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended that the Village of Richmond is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the Village of Richmond.

{¶ 3} Plaintiff did not file a response.

{¶ 4} R.C. 2743.01(A) provides:

{¶ 5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 6} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 8} Ohio Revised Code Section 5501.31 in pertinent part states:

"Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as

required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶ 9} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case must be dismissed. See *Sandu v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02606-AD, 2008-Ohio-6858, *Gerzina v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2010-09809-AD, 2011-Ohio-1952.



Court of Claims of Ohio

The Ohio Judicial Center

65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RYAN OEHLER,                                    Case No. 2011-04100-AD

    Plaintiff,

    v.                                              Acting Clerk Daniel R. Borchert

OHIO DEPARTMENT OF TRANSPORTATION,

    Defendant.                                  <u>ENTRY OF ADMINISTRATIVE
DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Ryan Oehler                                    Jerry Wray, Director
1424 Echo Street                              Department of Transportation
Canton, Ohio  44721                           1980 West Broad Street
                                              Columbus, Ohio  43223

7/6
Filed 7/19/11

Sent to S.C. reporter 10/27/11