[Cite as *Husbands v. Dept. of Transp.*, 2011-Ohio-6984.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD HUSBANDS

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-08440-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1} Plaintiff, Ronald Husbands, filed this complaint against defendant, Department of Transportation (ODOT), alleging that he suffered substantial damage to his vehicle as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Towne Street in Cincinnati. Plaintiff stated he was driving on Towne Street in order to enter Interstate 75 northbound when he hit a pothole causing damage to the right rear tire and rim. Plaintiff recalled the incident occurred on June 8, 2011. Plaintiff seeks damages in the amount of $275.74, the cost of replacement parts and related repair expenses. The filing fee was paid.

{¶2} Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Cincinnati and not ODOT bears the maintenance responsibility for the roadway where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "[d]efendant's investigation indicates that the location of Plaintiff's incident on Towne Street would be within the municipal boundary of the City of Cincinnati." ODOT further stated, "[a]s such, this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended the City of Cincinnati is the proper party defendant to plaintiff's action. The site of the

damage-causing incident was located in the City of Cincinnati.

{¶3} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶4} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶5} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶6} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case must be dismissed. See *Sandu v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-02606-AD, 2008-Ohio-6858, *Gerzina v. Ohio Dept. of Transp.,* Ct. of Cl. No. 2010-09809-AD, 2011-Ohio-1952.



# Court of Claims of Ohio

RONALD HUSBANDS

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-08440-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ronald Husbands
1219 Regent Avenue
Cincinnati, Ohio 45237

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

9/13
Filed 9/28/11
Sent to S.C. reporter 2/6/12